OPINION — AG — THE REPEAL OF 68 O.S. 1971 2481.7 [68-2481.7], DID NOT NEGATE COUNTY ASSESSORS' AUTHORITY TO CONTRACT WITH INDEPENDENT APPRAISERS. APPRAISERS ARE "TECHNICAL HELP" AND ARE NOT SUBJECT TO THE SALARY LIMITATIONS PROVIDED FOR COUNTY DEPUTIES UNDER 19 O.S. 1980 Supp., 180.65 [19-180.65] . THE COUNTY EXCISE BOARD MUST APPROVE AND APPROPRIATE THE BUDGETING OF THIS EXPENSE AND THE COUNTY COMMISSIONERS MUST APPROVE THE CONTRACTS. THE COUNTY ASSESSOR NEED NOT ADVERTISE BIDS PRIOR TO ENTERING INTO CONTRACTS WITH INDEPENDENT APPRAISERS WHICH ARE SUBJECT TO THE APPROVAL OF THE COUNTY COMMISSIONERS AND HAVE BEEN BUDGETED FOR BY THE COUNTY EXCISE BOARD. OPINION NO. 68-306, OPINION NO. 68-330 WITHDRAWN IN PART. (OVERRULED) (REVENUE AND TAXATION, AD VALOREM TAXES, COUNTY OFFICERS, SALARIES AND COMPENSATION) CITE: 68 O.S. 1971 2481.1 [68-2481.1], 19 O.S. 1980 Supp., 162 [19-162] (MICHAEL C. CONAWAY) ** SEE OPINION NO. 92-558 (1992) FILENAME: m0010630 Ronald E. Wrothen District Attorney Attorney General of Oklahoma — Opinion February 25, 1981 JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA The Attorney General has received your respective requests for an official opinion. Because of their similarities, both requests have been incorporated and combined in this opinion. In effect, you ask the following questions: 1. Does the repeal of 68 O.S. 2481.7 [68-2481.7] (1971), negate the existence of the County Assessor's authority to contract with independent appraisers? 2. If County Assessors can still hire independent appraisers on a contractual basis, can they still compensate them at a rate above the statutory salary schedule set out for county deputies ? 3. Assuming the County Excise Board has appropriated the money for the hiring of such "technical help" on a contractual basis, who must approve the contract between the County Assessor and the appraisers, the County Excise Board or the County Commissioners? 4. Is the county required to advertise for bids for appraisal services from a private firm or individual prior to entering into a contract for such services? The repealed statute you refer to, 68 O.S. 2481.7 [68-2481.7] (1971), states as follows: "Any assessor who deems it necessary to enable him to complete the listing and the valuation of the property of his county within the time prescribed by law, (1) may appoint one or more well-qualified citizens of his county to act as his assistants or deputies; and each assistant so appointed shall, under the direction of the assessor, after taking the required oath, perform all the duties enjoined upon, vested in, or imposed upon assessors." This section was repealed by Laws 1979, c.221, 18, effective May 30, 1979, which added 19 O.S. 1980 162 [19-162], providing: "Subject to the approval of the County Excise Board, every county officer shall appoint such regular and special deputies as are essential to the performance of the duties of his office in an efficient manner and shall fix their salaries and compensation. The county officer shall annually make request for appropriation for payment of salaries, traveling expenses, supplies and equipment and other needs for performing his official duties. The board of county commissioners and the county excise board shall annually appropriate amounts that will enable a county officer to hire and keep capable deputies, provide their instruction, provide sufficient supplies and equipment for the county officer and his deputies, provide reimbursement for traveling expenses for the county officer or deputies whose assignments require expenditures therefor, or provide a monthly travel allowance for the county officer in lieu of reimbursed expenditures for travel within this state." In reading these two statutes together, while noting that the same bill, House Bill No. 1472, Laws 1979, c. 221, both repealed 68 O.S. 1971 2481.7 [68-2481.7], and added 19 O.S. Supp. 1980, 162, [19-162] it becomes apparent that even if 2481.7 was the basis of the County Assessors' authority to hire independent appraisers the repeal of that section in a bill which also added 162 was not intended to repeal that authority. It is, however, the opinion of the Attorney General that 68 O.S. 2481.8 [68-2481.8] (1971), specifically grants the authority to County Assessors to hire independent appraisers; 68 O.S. 2481.8 [68-2481.8] states: "Appraisers whose services may be obtained by appointment by the assessor or who may be assigned by the Oklahoma Tax Commission, upon request of the county assessor, to assist any county assessor shall act in an advisory capacity only, and valuations made by them shall not be binding upon the assessor, it being the intent herein that all valuations made pursuant to this act shall be made and entered by the assessor pursuant to law as directed herein." Thus, to the extent Attorney General Opinions Nos. 68-306 and 68-330 state that it is 68 O.S. 2481.7 [68-2481.7] and not 68 O.S. 2481.8 [68-2481.8] that grants County Assessors this authority, they are expressly superseded by this Opinion. In answering your second question, this opinion is in agreement with Attorney General Opinions Nos. 68-306, 68-330 and 76-338 wherein it was determined that under 19 O.S. 180.65 [19-180.65](d) (1971), now 19 O.S. 108.65 [19-108.65](D) (1980), "technical help" hired on a "contract basis" by County Assessors was not subject to the salary limitations provided for county deputies. Title 19 O.S. 162 [19-162] (1980), and 19 O.S. 180.65 [19-180.65](A) (1980), both provide that the County Excise Board must approve the County Assessor's budget which would have to include amounts anticipated to cover costs of independent appraisers. However, 19 O.S. 180.65 [19-180.65](D) (1980), requires the approval of the County Commissioners to payment of "technical help" on a "contract basis." Therefore, the contracts would require County Commissioner approval. In answer to your final question, no authority has been found requiring County Assessors to advertise for bids prior to entering into contracts with independent appraisers and, as previously stated, the Assessor's budget for this expense must be approved and appropriated by the County Excise Board and the individual contracts with the appraisers approved by the County Commissioners. It is, therefore, the official opinion of the Attorney General that the repeal of 68 O.S. 2481.7 [68-2481.7] (1971), did not negate County Assessors' authority to contract with independent appraisers. Appraisers are "technical help" and are not subject to the salary limitations provided for county deputies under 19 O.S. 180.65 [19-180.65] (1980). The County Excise Board must approve and appropriate the budgeting of this expense and the County Commissioners must approve the contracts. The County Assessor need not advertise bids prior to entering into contracts with independent appraisers which are subject to the approval of the County Commissioners and have been budgeted for by the County Excise Board. Attorney General Opinions Nos. 68-306 and 68-330 withdrawn in part. ** See: Opinion No. 92-558 (1992) (Unpublished) **